## 214 REICH v. PECK.

Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 5th day of March, 1894, upon the decision of the court rendered at the Westchester Special Term dismissing the plaintiff's complaint upon the merits, and also from an order entered in said clerk's office on the 5th day of March, 1894, directing the entry of such judgment.

*Charles W. Coleman*, for the appellant.

*W. M. Du Bois*, for the respondents.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.

---

YETTE REICH, as Administratrix, etc., of MARCUS REICH, Deceased, Respondent, *v.* HENRY A. PECK and Another, Appellants.

*Verdict of a jury, when not disturbed on appeal — damages resulting from death through negligence — when the negligence of others is not imputable to the deceased.*

The verdict of a jury upon questions of fact must stand where no rule of law is violated and the verdict is supported by testimony, unless the preponderance of evidence in favor of the party against whom the verdict was rendered is so great as to indicate the presence of passion, prejudice or misapprehension.

Upon the trial of an action brought to recover damages resulting from the death of the plaintiff's intestate, by reason of the alleged negligence of the defendants, it was shown that the plaintiff's intestate and two companions, while in a rowboat at anchor, were run down by a schooner sailing under the direction of a person in the defendants' employ, and that the plaintiff's intestate was killed.

The defendants' counsel requested the trial judge to charge the jury that "if there was any negligence by his (the decedent's) companions in the rowboat which contributed to the accident, such negligence is chargeable as matter of law to the deceased, and the plaintiff cannot recover." The request was denied and an exception was taken.

It did not appear from the evidence who owned the rowboat, or whether it was hired, or how the men came together, or what part each took in the management of the boat, further than that the deceased was in the middle of the boat and did the rowing; that one of his companions dropped the anchor, and that the other was told not to mind anything, and just to sit in the stern of the boat.

*Held,* that the facts were insufficient to show that the deceased was in any way responsible for the conduct of his associates in the boat, or that their negligence, if any, was imputable to him, and that the refusal of the court to charge as requested was proper.

APPEAL by the defendants, Henry A. Peck and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 18th day of January, 1894, upon the verdict of a jury rendered after a trial at the Queens County Circuit, and also from an order entered in said clerk's office on the 11th day of January, 1894, denying the defendants' motion for a new trial made upon the minutes.

*Joseph K. Murray,* for the appellants.

*A. N. Weller* and *Benjamin W. Downing,* for the respondent.

DYKMAN, J. :

The plaintiff in this action is the widow and administratrix of Marcus Reich, deceased, and this action is brought to recover the damages resulting from his death.

While the deceased was fishing from a small boat at anchor in Hempstead Harbor with two other men, the boat was run down and upset by a schooner belonging to the defendants, and then sailing in the harbor under direction of a captain in the defendants' employ, and the intestate of the plaintiff was killed.

Two questions were involved in the trial of the case, first, whether the deceased was guilty of negligence which contributed to the catastrophe, and whether his death was caused by the mismanagement and negligence of the captain of the vessel.

There was testimony introduced on the part of the plaintiff which tended to show mismanagement and carelessness on the part of the captain, and the testimony offered on behalf of the defendants tended to show that the schooner was carefully and properly managed, and that she would have cleared the small boat if a sudden gust of wind had not struck her when she was near it and driven her upon it.

The questions were properly submitted to the jury, and the plaintiff obtained a verdict for $4,500. The defendants have appealed from the judgment and also from the order denying a motion for a new trial on the minutes of the court, but it is not a case for the interference of an appellate court. It cannot be said that the evidence on behalf of the defendants predominates. The testimony of the captain of the schooner seems to be sufficient to exonerate him from blame, but it was submitted to the jury and failed to secure the adoption of that body of fact triors.

We cannot reverse because we think the verdict might have been in favor of the other side. Where no rule of law is violated and the verdict is supported by testimony, and the preponderance of evidence is not so strong the other way as to indicate the presence of passion, prejudice or misapprehension, the verdict must stand.

The counsel for the defendants requested the trial judge to charge the jury that, " If there was any negligence by his companions in the rowboat which contributed to the accident, such negligence is chargeable as matter of law to the deceased, and the plaintiff cannot recover." That request was denied and there was an exception.

It did not appear from the evidence who owned the boat or whether it was hired, or how the men came together, or what part each took in the management of the boat further than that the deceased was in the middle of the boat and did the rowing. Rahm dropped the anchor and Riguet was told not to mind anything and just to sit in the stern of the boat.

The facts are insufficient to show that the deceased was in any way responsible for the conduct of his associates in the boat, and it

is not, therefore, a proper case for the application of the rule of imputable negligence.

We detect no error in the record, and the judgment and order denying the motion for a new trial should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Judgment and order affirmed, with costs.